Mr. Tom Dalton, Director Arkansas Department of Human Services 329 Donaghey Building, P.O. Box 1437 Little Rock, Arkansas 72203-1437
Dear Mr. Dalton:
This is in response to your request for my review and approval of an "Interagency Agreement" between the Arkansas Department of Human Services ("DHS") and the Arkansas Department of Finance and Administration ("DFA") involving the transfer of the Child Support Enforcement Unit from DHS to the Revenue Services Division of DFA. You have submitted the agreement under A.C.A. 25-20-104(f) (Repl. 1992).
It is my opinion that approval of the submitted agreement is not required under 25-20-104, as it does not appear to be an agreement for a joint or cooperative undertaking within the meaning of the Interlocal Cooperation Act. As this office has previously noted, the Interlocal Cooperation Act contemplates the joint exercise of governmental powers, privileges or authority through cooperative action in order to make the most efficient use of those powers. See Ops. Atty Gen. 92-180 and 93-409. The Interlocal Cooperation Act also contemplates the establishment of a separate legal entity (or an administrator or joint board in the absence of such an entity) to conduct the joint or cooperative undertaking, as well as provisions for the financing of the project. See A.C.A.25-20-104(c). My review of the submitted agreement indicates that it is not of this nature. According to page 1 of the document, the agreement is entered into between DHS and DFA in order to "implement the requirements of Acts 795 and 957 of 1993." These acts provide, inter alia, for a "Type 2" transfer of the Child Support Enforcement Unit pursuant to A.C.A.25-2-105 (Repl. 1992).
However, neither of the acts provides that an interagency agreement is required in order to effectuate its provisions. It is my understanding that the agreement was, in fact, drafted in order to comply with certain federal mandates, none of which require approval of the agreement from this office.
While A.C.A. 25-20-108 (Repl. 1992) specifically contemplates contracts between and among public agencies for the performance of "any governmental service, activity, or undertaking," my approval of such contracts is not required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:NAH/cyh
[*] In your correspondence, you reference A.C.A. 25-20-105(f) as the statute under which this agreement is being submitted; however, since the provisions regarding the approval of interlocal and interagency agreements by the Attorney General are set forth in A.C.A. 25-20-104(f), I assume that is the statute pursuant to which this request is being made.
[1] Section 25-2-105(a) provides that when all or part of any department is transferred to a principal department under a type 2 transfer, its statutory authority, powers, duties, functions, records, personnel, property, unexpended balances of appropriations, allocations, or other funds, including the functions of budgeting or purchasing, are transferred to the principal department.